THIS OPINION
 HAS NO PRECEDENTIAL VALUE.   IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Department of
 Social Services, Respondent,
 v.
 Nancy N., Don N.,
 James B., and Heath S., Defendants,  
 of whom Nancy N.
 and Don N. are Appellants.
 In the interests of: K.G. (DOB: 09/06/94) and J.G. (DOB: 2/12/97),
 minors under the age of 18. 
 
 
 

Appeal From Anderson County
 Timothy M. Cain, Family Court Judge
Unpublished Opinion No. 2007-UP-558
Submitted December 1, 2007  Filed
 December 14, 2007
AFFIRMED

 
 
 
 William E. Phillips, of Anderson, for 
 Appellants.
 Dottie C. Ingram, of Anderson, for
 Respondent.
 
 
 

PER CURIAM: Nancy
 N. (Mother) and Don N. (Stepfather) appeal an order of the family court which,
 among other things, refused to allow the minor children K.G. and J.G. to return
 to Mothers custody and permanently restrained Stepfather from contact with either
 child.  Specifically, Mother and Stepfather argue the family court erred in
 admitting J.G.s out-of-court statements alleging sexual abuse by Stepfather.  We
 affirm.[1] 
FACTS
K.G. and J.G. were
 placed in emergency protective custody on August 18, 2005 when the children
 were ages ten and eight, respectively.  When the children were removed from
 their home, J.G had a black eye and bruises on his neck.  Stepfather told law
 enforcement that he had lifted J.G. by his neck.   At the probable cause
 hearing, the family court found Stepfather had physically abused J.G. and
 Mother failed to protect her children from abuse and neglect.  DSS was given
 legal custody of the children, and they were placed in foster care.  Soon after
 J.G.s placement, he attempted a sexual act on another child in the foster
 home.  J.G.s disruptive behavior resulted in his relocation in seven foster
 care settings before being transferred to York Place, a residential treatment
 facility for emotionally disturbed children. 
Prior
 to the merits hearing, DSS gave Mother and Stepfather notice of its intent to
 present testimony of J.G.s out-of-court statements alleging sexual abuse by
 Stepfather.  At the hearing, Mother and Stepfather objected to these
 out-of-court statements, but the family court allowed them pursuant to section
 19-1-180 of the South Carolina Code (Supp. 2006).
Nicholas
 Godfrey, J.G.s former case manager, testified that he had asked J.G. about his
 sexual behavior toward the other child in foster care.  J.G. said Stepfather
 had engaged in the same sexual behavior with him.  Godfrey found the report to
 be credible because J.G. cried uncontrollably and appeared traumatized as they
 discussed the alleged sexual abuse by Stepfather.  Trinity Sands, a forensic
 interviewer, testified she conducted an assessment of J.G. the week following
 J.Gs disclosure to Godfrey.  Sands considered J.G.s statements alleging
 sexual abuse by Stepfather to be credible based on the level of detail J.G.
 provided.
After
 his transfer to York Place in February 2006, J.G. received daily behavior
 management therapy sessions with licensed social worker, Catherine Jones.  Jones
 stated J.G. initially exhibited aggressive behaviors with adults, sexual acting
 out with children, and self-harming behaviors.  However, after a year of
 intensive individual counseling, group therapy, and medication for a mood
 disorder, J.G. had progressed greatly.  He had recently returned to public
 school and would soon be moved to a therapeutic foster home.  According to Jones,
 J.G. would be severely traumatized if required to testify in any setting about
 the alleged sexual abuse, and he could potentially regress.  Additionally, she
 testified that J.G. associated everything about the court with talking to a
 judge, and he had told her he did not want to talk to the Judge. 
DSS
 foster care manager, Dani Lawson, testified that Mother still did not believe
 Stepfather had sexually abused J.G.  Although Mother stated she believed
 something had happened to J.G., she did not think Stepfather had done anything
 inappropriate.  Stepfather, who had moved out of the home two weeks
 prior to the hearing, attended but did not testify. 
Following
 the review hearing, the family court ordered Stepfather to have no further
 contact with K.G. or J.G. It required DSS to enter Stepfathers name into the Central
 Registry of Child Abuse and Neglect based on the courts finding that he had
 sexually abused J.G.[2]  DSS was ordered to retain custody of J.G. and to transfer custody of K.G. to her biological father, allowing Mother
 supervised visitation with K.G.  Stepfather
 and Mother appeal the order, contending the court erred in admitting J.G.s out-of-court
 statements of his alleged sexual abuse by Stepfather. 
STANDARD OF REVIEW
On appeal from an
 order of the family court, the Court of Appeals has jurisdiction to find facts
 in accordance with its view of the preponderance of the evidence.  Calcutt
 v. Calcutt, 282 S.C. 565, 568, 320 S.E.2d 55, 57 (Ct. App. 1984).  Even
 under this broad scope of review, the appellant must convince us that the trial
 judge erred.  Id.  
LAW/ANALYSIS
Mother and
 Stepfather argue the family court erred by allowing the admission of J.G.s out-of-court
 statements to Godfrey and Sands.  We disagree.  
Testimony
 of the out-of-court statements of a child under the age of twelve will be
 admitted in a family court proceeding where abuse or neglect is alleged if the
 court finds the child is unavailable to testify for one of five statutory
 reasons, and the childs out-of-court statements possess particularized
 guarantees of trustworthiness.  S.C. Code Ann. § 19-1-180 (Supp. 2006).  The
 first requirement for admission of J.G.s out-of-court statements was clearly
 met.  Here, J.G. was eight years old in 2005 when he told Godfrey and Sands of
 his alleged sexual abuse by Stepfather and was age ten at the time they
 testified to his statements.  
As
 to the requirement of unavailability, Mother and Stepfather contend the court
 erred by relying on Joness testimony in finding that J.G. was unavailable to
 testify.  We disagree.  
A
 child is unavailable to testify when there is a substantial likelihood he will suffer
 severe emotional trauma from testifying at the proceeding, on videotape, or on
 closed-circuit television.  S.C. Code Ann § 19-1-180(B)(2)(a)(v).  Jones, who
 testified regarding the trauma J.G. would suffer if required to testify to the
 alleged abuse, is a licensed social worker and led individual and group therapy
 sessions that included J.G. for over a year.  She testified to the progress J.G.
 made during his year in residential treatment and expressed the opinion that
 requiring him to discuss his sexual abuse would cause severe trauma and could
 cause him to regress.  Joness opinion is bolstered by Godfreys testimony regarding
 J.G.s severe reaction when he disclosed the alleged abuse to Godfrey in
 October 2005.  Additionally, guardian ad litem, Robert Higgins, agreed that J.G.
 should not be required to testify personally or by videotape.  We find the
 evidence presented at the hearing was sufficient to support the family courts
 finding that J.G. was unavailable to testify in any manner because there was a
 substantial likelihood that he would suffer severe emotional trauma. 
In
 order to be admissible, South Carolina Code Section 19-1-180(B)(2)(b) requires a
 childs out-of-court statement to possess particularized guarantees of trustworthiness.
  Here, the court went to great lengths to support its finding of these
 guarantees by considering (1) J.G.s personal knowledge of the events he described
 to Sands and Godfrey; (2) J.G.s age and maturity at the time he reported the
 sexual abuse to the witnesses; (3) the credibility of Sandss and Godfreys
 testimony; (4) the absence of a motive for J.G. to falsify or distort the
 information he reported to Sands and Godfrey; (5) the internal consistency and the
 ring of veracity J.G.s statements possessed; and (6) the fact that Stepfather
 had the opportunity to commit the alleged acts of sexual abuse.  See S.C.
 Code Ann. § 19-1-180(D)(1)-(10) (listing factors a court may consider in
 determining whether a childs out-of-court statement contains particularized
 guarantees of trustworthiness).  The family court found J.G.s out-of-court statements
 to be trustworthy and this Court will give great deference to the family
 courts determination on the issue of trustworthiness.  Richland Co. Dept.
 of Soc. Servs. v. Earles, 330 S.C. 24, 32, 496 S.E.2d 864, 868 (1998).  We
 find no error in the family courts determination that J.G.s out-of-court
 statements possessed particularized guarantees of trustworthiness. 
CONCLUSION
For
 the foregoing reasons, the order of the family court is 
AFFIRMED.
ANDERSON,
 SHORT and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] Stepfather was already listed in the South Carolina
 Directory of Sex Offenders based on his 1997 conviction for committing a lewd
 act on a child under the age of sixteen.